## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

KENNITH MARK WATKINS,

      **Plaintiff,**

                          **Civil Action No.**

**vs.**

UNITED STATES OF AMERICA; U.S.
DEPARTMENT OF VETERANS AFFAIRS;
ROBERT WILKIE, SECRETARY OF THE
DEPARTMENT OF VETERANS AFFAIRS,

        **Defendants.**

_____/

## PLAINTIFF'S ORIGINAL COMPLAINT

### A. PARTIES

1.     Plaintiff, Kenny Watkins, is over nineteen years old and a citizen of the State of Florida.

2.     Defendants, the United States of America, is being be served by certified mail to the Attorney General of

the United States; U.S. Department of Veterans Affairs, and Robert Wilkie, Secretary of the Department of Veterans

Affairs; and the United States Attorney for the United States District Court for the Middle District of Florida; and to

the civil-process clerk at the United States Attorney's office.

### B. JURISDICTION

3.     This action is brought pursuant to Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq*., and the court has

jurisdiction over the lawsuit under 28 U.S.C. §1346(b) and 28 U.S.C. §§ 1331 because the suit involves a claim

against the United States for personal injury caused by the tortious acts and/ or omissions of a government agency

and its employees and or agents while acting within the scope of their employment.

### C. VENUE

4.     Venue is proper in this district under 28 U.S.C. §1402(b) because the acts complained of occurred in the

Middle District of Florida.

## D. CONDITIONS PRECEDENT

5.       Plaintiff has timely presented this claim in writing to the VA. On or about June 12, 2019, Plaintiff

submitted an Administrative Claim for the claim set forth below to the U.S. Department of Veterans Affairs,

hereinafter "VA".  The instant complaint is filed within six months after the agency's final written notice of its denial

of the claim dated March 4, 2020. All conditions precedent, exhaustion of administrative remedies, have been met in

the instant Federal Tort Claims Act, hereinafter "FTCA", action. *See,* Plaintiff's Composite Exhibit 1,

Correspondence to and from Department of Veterans Administration (VA).

## E. STATEMENT OF FACTS

           That on February 14, 2018, Plaintiff, Kenneth Mark Watkins, hereinafter "Watkins", suffered serious

6.

personal injury while in the parking lot at the C.W. Bill Young VA Medical Center, in Bay Pines, Florida, hereinafter

"VAMCBP", as a result of an attack by Jason Mauga (also reported as Jason Maugla, hereinafter "Muaga"), a veteran

participating in a Residential Rehabilitation Treatment Program at VAMCBP, who had mental health issues,

including anger management, that were known by the VA, or should have been known by the VA, before the attack

on Plaintiff Watkins.

7.       That said defendants, United States of America and VA as a United States governmental agency and operated

by agency's employees and or agents who were acting in the course and scope of their employment.

8.       That at all times material, the defendants created and maintained through acts and or omissions an unsafe

hospital premises and environment that fostered, allowed, and was generally conducive to injurious behavior and

tortious conduct to VA visitors.

9.       That at all times material, the defendants provided inadequate, if any, monitoring and enforcement of formal

or informal institutional VA rules, policies and procedures in place at the time of the attack on Plaintiff Watkins.

10.      Defendants, the United States of America, is being be served by certified mail to the Attorney General of the

United States; U.S. Department of Veterans Affairs, and Robert Wilkie, Secretary of the Department of Veterans

Affairs; and the United States Attorney for the United States District Court for the Middle District of Florida; and to the civil-process clerk at the United States Attorney's office.

11.     That on February 14, 2018, Plaintiff Watkins, a VA hospital visitor/invitee, was attacked and *thrown* to the ground by Jason Mauga, who was at VAMCBP to participate in a Special Rehabilitation Treatment Program offered by the VA. *See* Plaintiff's Exhibit 2, p. 20 & p. 6, respectively, Extract from VA Police Incident Report, pp. 1-20, .

12.     That Plaintiff Watkins, subsequently reported that during the attack, visitor Mauga manhandled and bullied him, put  him in a martial arts-type death lock and then "*slammed*" his body to the ground causing hand and head injuries. *See* Plaintiff's Exhibit 2, p. 6 and p. 7, respectively, Extract from VA Incident Report, pp. 1-20.

13.     That visitor Mauga, at all times material, was known by the VAMCBP facility staff, personnel and VA to be a person with concerns as he was enrolled in or attending VAMCBP's Special Rehabilitation Treatment Program .

14.     That Visitor Mauga's dangerous and violent propensities were, at all times material, facts known by, or which should have been known by, the VAMCBP facility staff, personnel and VA management before his attack on Plaintiff, Kenny Watkins on February 14, 2018.

15.     That after the February 14, 2018 attack, Plaintiff Watkins, was transported and admitted to the Emergency Department ("ED") at VAMCBP for treatment of injuries with ER treatment records indicating that Plaintiff  Watkins medically required treatment for Cranial CT Scan of the head/brain and radiographs of the thumb.

16.     That Plaintiff Watkins's Radiology Reports of the thumb and head from the ED of VAMCBP on February 14, 2018, Findings stated "dislocation of the first proximal phalanx has been reduced" and "[l]arge left mid scalp hematoma". Clinical History indicated reason for study "assault".

17.     That the March 9, 2018 medical examination by Dr. Marc S. Barasch confirmed that Plaintiff Watkins suffered a traumatic subdural hemorrhage and epidural hemorrhage without loss of consciousness--damage caused during the assault February 14, 2018 by Jason Mauga while Plaintiff Watkins was a visitor/invitee VAMCBP facility, due to the negligence of VA staff. (Emphasis added).

18.     That at all times material, the defendants provided a one-of-a kind VA Special Residential Rehabilitation Treatment Program for treatment to veterans with Detox, Inpatient, & Outpatient Drug & Alcohol problems at the subject VAMCBP facility building, inter alia, treatment for patients with histories of violence, thereby creating

and maintaining through acts and or omissions an unsafe hospital premises and environment that fostered, allowed, and was generally conducive to injurious behavior and tortious conduct by Program participating-veterans to visitors/invitees.

19.     That at all times material, the defendants provided inadequate police and security at and around the Bay Pines VAMCBP facility building grounds and parking lot in which Plaintiff Watkins was a visitor/invitee at the time of the attack, thereby creating and maintaining through acts and or omissions an unsafe hospital premises and environment that fostered, allowed, and was generally conducive to injurious behavior and tortious conduct by Program participating-veterans to visitors/invitees.

20.     That at all times material, police and security, if any, were available only from a location too remote from the Bay Pines VAMCBP facility parking lot in which Plaintiff Watkins was at the time of the attack, thereby creating and maintaining through acts and or omissions an unsafe hospital premises and environment that fostered, allowed, and was generally conducive to injurious behavior and tortious conduct by Program participating-veterans to visitors/invitees.

25. That at all times material, the defendants provided inadequate physical security monitoring and protective systems and surveillance including, but not limited. to, the lack of security cameras, instead, the defendants relied upon the use of limited, partial-view cameras at the Bay Pines VAMCBP facility parking lots and buildings where Plaintiff Watkins visited at the time of the attack, thereby creating and maintaining through acts and or omissions an unsafe hospital premises and environment that fostered, allowed, and was generally conducive to injurious behavior and tortious conduct by Program participating veterans to visitors/invitees.

26. That at all times material, the defendants were aware and knew or should have known of the safety and security issues by complaints, notices, and communications from VA employees, staff, personnel, and agents of the VA at the Bay Pines VAMCBP facility building and parking lot where Plaintiff Watkins visited at the time of the attack, thereby creating and maintaining through acts and or omissions an unsafe hospital premises and environment that fostered, allowed, and was generally conducive to injurious behavior and tortious conduct by Program participating veterans to visitors/invitees.

27. That the Department of Veterans Affairs medical facilities, generally, and the VAMCBP residential patient facilities

in Bay Pines, Florida, specifically, have an established pattern and practice of negligent conduct by its administration, staff, and employees against visitors and other safety incidents on its premises as a result of serious deficiencies in its guidance and administrative oversight.

28. That VAMCBP management had been placed on clear notice of possible VA assaults and safety incidents by the GA0-11-530 2011 report and or other similar and related federal mandates/procedures, requirements that were in effect before Plaintiff Watkins's February 14, 2018, assault.

29. That the GA0-11-530 report found that VA facilities failed to accurately assess safety and security risks, security problems and or take effective safety measures including the provision, if any, of adequate security personnel, security surveillance and monitoring systems and or personal panic alarms.

## E. CHOICE OF LAW. UNDER THE FTCA

It is a well-settled general principle that the tort liability of the United States is, in actions under the FTCA, governed by the law of the state where the tortuous conduct took place. Such FTCA claims are governed by the substantive law of the state where the act or omission occurred, in this case, the State of Florida. 28 U.S.C. §1346(b)(1); Stevens v. Battelle Mem. Inst., 488 F.3d 896, 899 n. 3 (11th Cir. 2007); US v. Stevens, 994 So. 2d 1062 (Fla. 2008). Thus, Florida tort law is controlling under the facts of Plaintiff Watkins' instant FTCA action.

## G. COUNT I - NEGLIGENCE / INADEQUATE SECURITY

Plaintiff incorporates by reference and re-alleges all prior paragraphs as if set out fully herein.

30. The defendants, under Florida law, owe a duty to supervise and exercise due and proper diligence over employees and are liable for the employees' incompetency and negligence when the employer has knowledge or should have knowledge had he exercised ordinary care.

31. The defendants had a duty to provide adequate security for its invitees especially at the mental health building entrance due to the number of people that had mental health problems, PTS problems, anger management problems to prevent *foreseeable* injuries to invitees.

32.     The defendants breached said duty by acts and or omissions in failing to provide adequate  security for its invitees,  hospital administration standards, quality assurance programs, and procedures and other general supervisory measures necessary to provide reasonably adequate and proper selection, training, review, and supervision of hospital employees, staff, personnel, and agents to provide adequate security for invitees at the subject location.

33.     The defendants breached said duty by acts and or omissions to provide an adequate number of available trained staff and VA police to provide and promote safety and to prevent injury by attack by one VA Program participating-veteran on another VA visitor/invitee.

34.     The defendants' breach of said duty to provide adequate security and  supervise was the proximate cause of Plaintiff, Kenny Watkins's damages.

35.     As a result, Plaintiff, Kenneth Watkins has suffered actual damages, including personal injury, and mental and emotional distress from the attack and ongoing consequences thereof.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff demands damages against the defendants for actual damages to be determined by the Court, plus attorneys' fees, interest, court costs, and for such other, further, different and general relief as justice may require.


## H. COUNT II — <u>NEGLIGENT SUPERVISION</u>

Plaintiff incorporates by reference and re-alleges all prior paragraphs as if set out fully herein.

36.     The defendants, under Florida law, owe a duty to supervise and exercise due and proper diligence over employees and are liable for the employees' incompetency and negligence when the employer has knowledge or should have knowledge had he exercised ordinary care.

37.     The defendants breached said duty by acts and or omissions to provide adequate hospital administration standards, quality assurance programs, and procedures and other general supervisory measures necessary to provide reasonably adequate and proper selection, training, review, and supervision of hospital employees, staff, personnel, VA police and agents.

38.     The defendants breached said duty by acts and or omissions to provide an adequate number of available trained staff to provide and promote safety and to prevent injury by attack by one VA Special Rehabilitation Treatment Program patient on another VA visitor.

39.     The defendants breached said duty by acts and or omissions to segregate or remove a resident of a VA Special Rehabilitation Treatment Program with a prior violent history and or a substantial violent propensity, who was known to the VA before the attack to have violent propensities.

40.     The defendant's breach of said duty of care was the proximate cause of Plaintiff, Kenneth Watkins's damages.

41.     As a result, Plaintiff, Kenneth Watkins has suffered actual damages, including personal injury, and mental and emotional distress from the attack and ongoing consequences thereof.

42.     The defendants'  breaches were done with knowledge of the existing conditions and while conscious that injury would likely result from its acts and or omissions.

        WHEREFORE, PREMISES CONSIDERED, the Plaintiff demands damages against the defendants for actual damages to be determined by the Court, plus attorneys' fees, interest, court costs, and for such other, further, different and general relief as justice may require.

## I. COUNT III - <u>NEGLIGENT IMPLEMENTATION OF VHA DIRECTIVE</u>

        Plaintiff incorporates by reference and re-alleges all prior paragraphs as if set out fully herein.

43.   The defendants, under Florida law and under Public Law 112-154, §106, owe a duty to implement and comply with the Veterans Health Administration (VHA) Directive 2012-126 at each medical facility of the Department.

44.    The defendants breached said duty by acts and or omissions in one or more ways, including failing to ensure that each Veterans Integrated Service Networks (VISN) facility conducts the Workplace Behavioral Risk Assessment to designate high-risk areas within each medical facility.

45.   The defendants breached said duty by acts and or omissions in one or more ways, including by failing to ensure adequate security at the VAMVCP mental health facility to prevent a foreseeable injury.

46.    The defendant's breach of said duty was the proximate cause of Plaintiff, Kenneth Watkins's damages.

47.    As a result, Plaintiff, Kenneth Watkins has suffered actual damages, including personal injury, and mental and emotional distress from the attack and ongoing consequences thereof.

## J. FEDERAL TORT CLAIMS ACT

        These acts and or omissions by the Unites States of America by and through its agency, the United States Department

48.

of Veterans Affairs and its employees, Robert Wilkie, Secretary of the Department of Veterans Affairs and others were negligent. The employees and agents of defendants were acting in the course and scope of their office or employment and had a duty to exercise ordinary care and perform the duties of a hospital reasonably and prudently. Under the laws of the State of Florida, a private person would be liable to plaintiff for these acts and or omissions. Under 28 U.S.C. §2674, the United States is liable to plaintiff for his damages resulting from the personal injury described below.

## K. DAMAGES

49.  That Plaintiff, Kenneth Watkins, was attacked on February 14, 2018, by Bay Pines VAMCBP patient which for Watkins resulted in an emergency room treatment for physical injury, multiple contusions, and lacerations involving the placement of staples, sutures, stitches, etc., and furthermore resulting in psychological trauma and treatment.

50.  As a direct and proximate result of defendants negligence, Plaintiff, Kenneth Watkins, incurred substantial and severe physical and psychological injuries including, but not limited to, ongoing posttraumatic stress disorder (PTSD), physical impairment in the past and future, physical pain and mental anguish in the past and future, medical expenses in the past and future, resulting unemployability, lost earnings, loss of earning capacity, and other resultant compensatory damages and injuries and has timely made the instant Federal Torts Claim Act claim against the VA for the sum certain, thirty million dollars ($30,000,000.00) and all other relief the court deems appropriate.

## U. PRAYER

51.     For these reasons, plaintiff asks for judgment against defendant for the following:

     a.     Compensatory damages of $30,000,000.00

     b.     Costs of suit.

     c.      Post judgment interest.

     d.     All other relief the court deems appropriate and just under law.

This, the __4th__ day of __August__, 2020.

Respectfully submitted,

JOHN W. ANDREWS
Attorney for Plaintiff Kenneth Mark Watkins